UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LINDA S. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-506 |
| | ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court for consideration of the Plaintiff's objections [Doc. 20] to the Report and Recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 19]. Magistrate Judge Guyton found that the Administrative Law Judge (ALJ) properly reviewed and weighed the evidence to determine that Plaintiff is capable of performing a range of light work with certain restrictions. Thus, Magistrate Judge Guyton recommended that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

Plaintiff made her application for supplemental security income alleging disability beginning March 2, 2003. The claim was initially denied by the ALJ, and the Appeals Council denied the Plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision, and the Court ordered that the claim be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The ALJ held a second

hearing, and issued a decision on October 21, 2011, finding that Plaintiff was not disabled. The decision of the Commissioner became final when the Appeals Council denied Plaintiff's request for review. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which Plaintiff objects. For the reasons that follow, Plaintiff's objections will be overruled.

The ALJ found that Plaintiff has the following severe impairments: disc protrusion at L4-5 on right with some nerve root impingement; seronegative rheumatoid arthritis, venous insufficiency, rule out seizure disorder, obesity, carpal tunnel syndrome, and major depressive disorder. Taking these impairments into consideration, the ALJ found that Plaintiff retained the residual functional capacity to perform a range of light work except she must avoid hazards or temperature extremes; sit or stand for 30-60 minutes at a time; only "frequent" use of hands for gross and fine manipulation; understand and remember simple and low level detailed tasks; some, but no substantial difficulty interacting with the general public; and adapt to only infrequent workplace changes.

Plaintiff objects to the ALJ's finding that she did not meet Listing 1.04 (A) or (C). Listing 1.04(a) requires evidence of nerve root compression with neuro-anatomically distributed pain, limited spinal motion, motor loss including atrophy or muscle weakness, sensory or reflex loss, and (when the impairment involves the lower back) positive straight-leg raising tests. The record contains no evidence of muscle atrophy or motor loss. Examinations of Plaintiff by treating physicians revealed no atrophy and full motor

strength. Plaintiff also denied any muscular weakness when evaluated by her primary care physician. Although Dr. Kanagasegar reported positive straight leg raises and some sensory loss, other examining physicians noted no reflex or sensory loss. The ALJ relied on the reports of the examining physicians to find that Plaintiff did not meet Listing 1.04(A). If the ALJ's findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. *Warner v. Comm. Of Soc. Sec.,* 375 F. 3d 387, 390 (6th Cir. 2004).

Listing 1.04(C) requires an inability to ambulate effectively which is an "extreme limitation:"

> Inability to ambulate effectively means an extreme limitation of the ability to walk; *i.e.,* an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the function of both upper extremities.

20 C.F.R. pt. 404, subpt. P, app. 1 § 1.00(B)(2)(b)(1). The applicable regulations recognize that the ability to ambulate with a single cane may be classified as the ability to ambulate effectively. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.00(B)(2)(b)(2). Thus, even if Plaintiff's request for a cane is fully credited, it does not necessitate a finding that she cannot effectively ambulate. The record indicates that Dr. Vargas prescribed a cane at Plaintiff's request, based upon her subjective complaints. However, the record also contains numerous findings from both treating and examining sources finding that Plaintiff's gait was normal and that she could walk normally without assistance.

3

Therefore, the Court finds that the ALJ's decision that Plaintiff failed to meet Listing 1.04(C) is supported by substantial evidence in the record.

Next, Plaintiff alleges that the ALJ failed to give controlling weight to the opinion of Rebecca Hansmann, Psy.D. who opined that Plaintiff was markedly limited in her ability to carry out detailed instructions; moderately limited in her ability to understand and remember detailed instructions; to carry out very short and simple instructions; to maintain attention and concentration for extended periods; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; to complete a normal workday and workweek without interruptions from psychologically based symptoms; to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; and to respond appropriately to changes in the work setting.  At the August 21, 2007 hearing, the vocational expert (VE) testified there would be no jobs Plaintiff could perform if she were limited as noted above. However, as noted by the ALJ, these restrictions were contradicted by Plaintiff's reported daily activities of paying bills, shopping, housekeeping, cooking, balancing a checkbook, using a computer, reading, crocheting, taking her husband to appointments, and driving.  Plaintiff's treating psychiatrist Dr. Burell noted that Plaintiff was "stable and getting better."  Although the VE may respond to several hyupothetical questions presuming different restrictions allegedly placed on a plaintiff, the ALJ need not rely on the VE's response to a hypothetical question assuming restrictions which the ALJ has rejected as not supported by substantial evidence. *Casey*

4

*v. Secr. Of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Consequently, the ALJ properly disregarded the VE's response incorporating Dr. Hansmann's restrictions.

After a careful review of the record and the parties' pleadings, the court is in complete agreement with the Magistrate Judge's recommendation that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that the plaintiff's motion for summary judgment [Doc. 12] is **DENIED**; the Defendant Commissioner's motion for summary judgment [Doc. 14] is **GRANTED**; the Defendant Commissioner's decision in this case denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**; and this case is **DISMISSED.**

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE